ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
VICTOR A. RODGERS
California Bar No. 101281
Assistant United States Attorney
Asset Forfeiture Section
    Federal Courthouse, 14th Floor
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2569
    Facsimile: (213) 894-7177
    E-mail: victor.rodgers@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**JS - 6**

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>$20,000.00 IN U.S.<br>CURRENCY,<br><br>        Defendant.<br><br>GAYANE GALOYAN and<br>ARMEN GALOYAN,<br><br>        Claimants. | No. CV 12-08463-JGB(JCx)<br><br>**CONSENT JUDGMENT OF FORFEITURE** |

On or about October 3, 2012, Plaintiff United States of America ("the government," "the United States of America" or "plaintiff") filed a Complaint for Forfeiture alleging that the

defendant $20,000.00 in U.S. Currency (the "defendant currency") is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 21 U.S.C. § 881(a)(6).

Claimants Gayane Galoyan and Armen Galoyan (collectively, "claimants") filed their respective claims to the defendant currency on or about December 20, 2012. No other parties have appeared in this case and the time for filing claims and answers has expired.

The government and claimants have now agreed to settle this action without any admission of any wrongdoing and to avoid further litigation by entering into this Consent Judgment of Forfeiture.

The Court, having been duly advised of and having considered the matter, and based upon the mutual consent of the parties hereto,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. This Court has jurisdiction over the subject matter of this action and the parties to this Consent Judgment of Forfeiture.

2. The Complaint for Forfeiture states a claim for relief pursuant to 18 U.S.C. § 981(a)(1)(C) and 21 U.S.C. § 881(a)(6).

3. Notice of this action has been given as required by law. No appearances have been made in the litigation by any person other than claimants. The Court deems that all other potential claimants admit the allegations of the Complaint for Forfeiture to be true.

4. The sum of $1,000.00 only (without interest) shall be returned to claimant Gayane Galoyan. The remainder of the defendant currency (i.e., $19,000.00), plus the interest earned by the United States of America on the defendant currency shall be condemned and forfeited to the United States of America, which

shall dispose of those funds in accordance with law.

5. The funds to be returned to claimant Gayane Galoyan pursuant to paragraph 4 above shall be paid to claimant Gayane Galoyan by electronic transfer into the client trust account of Jacek W. Lentz, attorney of record for claimants in this case. Claimant Gayane Galoyan (through her attorney Jacek W. Lentz) shall provide all information and complete all documents requested by the United States of America in order for the United States of America to process the transfer including, without limitation, providing claimant's social security and taxpayer identification numbers (if any), and the identity of the bank, the bank's address and the account name, account number, account type and wire transfer routing number for the Jacek W. Lentz trust account to which the transfer of funds is to be made.

6. Claimants, and each of them, hereby release the United States of America, its agencies, agents, officers, employees and representatives, including, without limitation, all agents, officers, employees and representatives of the Drug Enforcement Administration and the Department of Justice and their respective agencies, as well as all agents, officers, employees and representatives of any state or local governmental or law enforcement agency involved in the investigation or prosecution of this matter, from any and all claims, actions, or liabilities arising out of or related to this action, including, without limitation, any claim for attorney fees, costs, and interest, which may be asserted by or on behalf of claimants, or either of them.

/ / /

/ / /

7. The Court finds that there was reasonable cause for the seizure of the defendant currency and institution of these proceedings. This judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

8. The parties hereto shall bear their own attorney fees and costs.

DATED: 5/6/13

_____
THE HONORABLE JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE

JS - 6

CC: USM -LA

    FISCAL

4

<u>CONSENT</u>

The parties hereto consent to the above judgment and waive any right of appeal.

DATED: April 15, 2013

ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section


<u>/s/ Victor A. Rodgers</u>
VICTOR A. RODGERS
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

DATED: April 15, 2013

LAW OFFICES OF JACEK W. LENTZ


<u>/s/ Jacek W. Lentz</u>
JACEK W. LENTZ

Attorneys for Claimants
GAYANE GALOYAN and
ARMEN GALOYAN